[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12424
_____

D.C. Docket No. 9:11-cr-80172-KLR-5

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHERYL STEPHENSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2013)

Before MARCUS and BARKETT, Circuit Judges, and CONWAY,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Anne C. Conway, Chief Judge, United States District Court for the Middle District of Florida, sitting by designation.

This appeal arises out of a telemarketing scheme to sell a septic treatment product called "Septic Remedy," which was the subject of an Environmental Protection Agency ("EPA") investigation.  Cheryl Stephenson briefly worked as a telemarketing representative for the company that sold Septic Remedy.  The government charged Stephenson with two counts of wire fraud in violation of 18 U.S.C. § 1343, alleging that she fraudulently made representations to prospective customers to induce sales.  At the close of the government's case, Stephenson moved for a judgment of acquittal, arguing that there was insufficient evidence to convict her of wire fraud.  The district court denied that motion, and the jury found Stephenson guilty as charged.  Stephenson filed a motion for judgment notwithstanding the verdict or in the alternative a motion for a new trial, which the district court also denied.[1]  After extensive review of the record, we reverse Stephenson's conviction.

The government's evidence to prove Stephenson's specific intent to defraud consisted of: (1) the testimony of co-defendants Christopher Lincoln and Mary Moore, both of whom testified that they trained and encouraged Stephenson to use the phrase "EPA approved" in selling the product; and (2) Stephenson's handwritten notes taken during on-the-job training.  None of this evidence shows

---

[1] At sentencing, the district court judge commented "[t]o some extent, I think that [Stephenson] was a victim of the owners of the company."  The district court sentenced Stephenson to time served as to each count (four days), supervised release for a period of two years, restitution in the amount of $626.88, and a special assessment of $200.

that Stephenson knew that any representations she might have made were, in fact, false.  There is nothing in the testimony of Lincoln and Moore reflecting that they told or even suggested to Stephenson that the "EPA approved" phrase was false, or that the product was not EPA approved.  With reference to Stephenson's handwritten notes, the evidence does not support the conclusion that the representations in the notes taken were false, and, therefore, the notes could not provide a basis from which a jury could infer fraudulent intent on the part of Stephenson.

Thus, we conclude that no reasonable jury could find that the evidence presented at trial as to Stephenson's guilt met the requisite standard of proof beyond a reasonable doubt.  United States v. Langford, 647 F.3d 1309, 1319 (11th Cir. 2011).

**REVERSED and REMANDED, with instructions to the district court to VACATE Stephenson's final judgment of conviction.**

3